# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHELLE HICKSON, | : | Case No. 1:07-cv-835 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ PROPERLY CONSIDERED AND REJECTED REOPENING PLAINTIFF'S JUNE 2000 APPLICATION FOR BENEFITS AND HIS DECISION SHOULD THEREFORE BE AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal. The sole issue before the Court is whether the administrative law judge ("ALJ") erred in finding that Plaintiff's June 2000 application for benefits could not be reopened because it fell outside of the applicable time period. (*See* Administrative Transcript ("Tr.") (Tr. 653) (ALJ's decision)).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In his September 22, 2005 decision, the ALJ found that Plaintiff was disabled based on her third application for benefits, which was filed on June 10, 2003. (Tr. 15-18). The ALJ determined that Plaintiff had been under disability since May 13, 2000. (Tr. 17, finding 11).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

At the administrative hearing on July 19, 2005, Plaintiff, through counsel, asked the ALJ to reopen two previous applications which were filed, respectively, in June 2000 and December 2001. (Tr. 653). The ALJ made two specific findings concerning reopening the applications. (Tr. 15).

First, the ALJ determined that he *could* reopen the December 27, 2001 application because, under 20 C.F.R. § 416.1487, Plaintiff's June 10, 2003 application was filed within one year of June 18, 2002, the date that Plaintiff received the notice of initial determination on the December 2001 application. (Tr. 15, 28). 20 C.F.R. § 416.1488(a) permits reopening an application for any reason within twelve months of the notice of the initial determination.

Second, the ALJ determined that he *could not* reopen Plaintiff's June 30, 2000 application, because Plaintiff had received a determination on the application in October 2000, and to reopen the application, Plaintiff would have had to have filed the application by October 2002. However, Plaintiff did not request that the application be reopened until she filed the June 2003 application, and, therefore, the ALJ could not reopen the June 2000 application. (Tr. 15, 92). *See also* 20 C.F.R. § 416.1488(a).

The ALJ also considered 20 C.F.R. § 416.1488(b), which permits an ALJ to reopen an application: (1) within two years of the date of the notice of the initial determination if the Agency finds good cause as defined in § 416.1489 to reopen the case; or (2) at any time if the previous determination was obtained by fraud or similar

fault. The ALJ found that neither provision applied to Plaintiff's June 2000 application.

Plaintiff subsequently appealed the ALJ's decision not to reopen her June 2000 application. (Tr. 631). On August 21, 2007, the Appeals Council denied Plaintiff's request for review, explaining that it found no reason to review the ALJ's decision under the Agency's rules. (Tr. 5).

## II. STANDARD OF REVIEW

The denial of a request to reopen is not subject to the Administrative process, nor is it subject to judicial review. 20 C.F.R. §§ 404.903, 404.903(l) ("Administrative actions that are not initial determinations may be reviewed by the Agency, but they are not subject to the administrative review process and they are not subject to judicial review.").

In *Califano v. Sanders*, 430 U.S. 99 (1977), the Supreme Court expressly held that 42 U.S.C. § 405(g) does not authorize judicial review of a refusal to reopen a prior determination or decision. *Id.* at 108. The Supreme Court only recognized one exception to this judicial bar, making an exception for instances when the denial of a request to reopen is challenged on colorable constitutional grounds. *Id.*, 430 U.S. at 109; *see also Bogle v. Sullivan*, 998 F.2d 342, 346 (6th Cir. 1993). And in the context of reopening an application for benefits, "due process requires only that the ALJ . . . in fact considered and rejected the possibility of reopening the claim." *Blacha v. Sec'y of Health & Human Servs.,* 927 F.2d 228, 232 (6th Cir. 1990).

## III. ANALYSIS

Plaintiff's request to reopen the June 2000 application for benefits is beyond the jurisdiction of this Court. Under 42 U.S.C. § 405(g), a claimant cannot obtain judicial review of a refusal to reopen a prior determination or decision. *Sanders*, 430 U.S. at 108. Additionally, appropriate Agency regulations do not authorize such a review.

20 C.F.R. 404.903 explains that certain administrative actions, like an ALJ's determination not to reopen a previous application, may be reviewed by the Agency, but that such decisions are not part of the administrative review process and are not subject to judicial review. Since Plaintiff has not identified any regulation that would permit the ALJ to reopen the application, and the ALJ's decision not to reopen the application is not subject to judicial review, the issue is not properly before the Court.

Even if this Court were to review the ALJ's decision, there is no evidence that the ALJ failed to properly consider reopening Plaintiff's June 2000 application, as due process requires.

Plaintiff claims that the ALJ should have used the December 2001 application that he reopened, to reopen the June 2000 application. (Tr. 632). Plaintiff further argues that even if the June 2000 application was filed more than two years prior to the June 2003 application, the June 2000 application could be re-opened if interim applications were filed within two years of each other. (Tr. 632).

Citing 20 C.F.R. § 416.1488(a), the ALJ reopened Plaintiff's December 27, 2001 application, because Section 416.1488(a) permits reopening an application for any reason within 12 months of the date of the notice of initial determination. (Tr. 15). However, the ALJ determined that no regulatory scheme would have allowed the ALJ to reopen Plaintiff's June 10, 2000 application. 20 C.F.R. § 416.1488(b) only permits an ALJ to reopen applications within two years of the date of the initial notice, and here, Plaintiff received her initial notice regarding the June 2000 application on October 25, 2000. (Tr. 92). Therefore, the two years expired on October 25, 2002, and Plaintiff filed her application on June 10, 2003. (Tr. 70). Accordingly, the ALJ could not reopen the June 2000 application because the two year time period had expired.

The grounds Plaintiff identifies as permitting reopening are distinguishable from the facts of the instant case. Plaintiff argues that because interim applications were filed within two years of each other, Plaintiff's previous applications could be "piggy-backed" in order to reopen the June 2000 application. (Doc. 5 at 3). In other words, Plaintiff claims that the ALJ could have used the June 2003 application to reopen the December 2001 application, and then could have used the December 2001 application to reopen the June 2000 application. (*Id.*)

In support of this argument Plaintiff refers to a Third Circuit case, *Purter v. Heckler*, 771 F.2d 682 (3rd Cir. 1985). The *Purter* case, however, differs substantially from the facts in the case at bar. As Plaintiff notes, the case involves the improper application of administrative *res judicata*. However, the concept of administrative *res*

*judicata* is not at issue in this case.

Additionally, Plaintiff cites to a recent, unpublished Sixth Circuit case, *Martin v. Comm' of Social Sec.,* 82 Fed Appx. 453 (6th Cir. 2003). *Martin* also differs from the instant case. The denial of Ms. Martin's initial application occurred on April 20, 1996, and she filed her third application for benefits on January 1, 1998. As such, unlike Plaintiff, Ms. Martin was within the two year period permitting applications to be reopened. Moreover, there is no language suggesting that the concept of "piggy-backing" is part of SSA's regulatory scheme in 20 C.F.R. § 416.988, *et seq*.

The only other regulatory avenue that would allow the ALJ to reopen the June 2000 application is 20 C.F.R. § 416.1488(c), which permits reopening an application at any time if the previous determination was obtained by fraud or similar fault. However, Plaintiff does not make any such allegations. Therefore, the ALJ properly assessed all possible avenues for reopening Plaintiff's June 2000 application.

Accordingly, the undersigned finds that the ALJ's decision is not subject to judicial review, and even if it were, the cases Plaintiff cites in support of reopening the June 2000 application are not applicable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's assignment of error is unavailing. The ALJ's decision properly considered and rejected reopening Plaintiff's June 2000 application for benefits, and the decision should therefore be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff's June 2000 application for benefits cannot be reopened, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**


Date:  December 29, 2008              s/ Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| MICHELLE HICKSON, | : | Case No. 1:07-cv-835 |
|---|---|---|
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 (1985).